1   ANDRÉ BIROTTE JR.
    United States Attorney
2   JOSEPH B. WIDMAN
    Assistant United States Attorney
3   Acting Chief, Riverside Branch Office
    AMI SHETH
4   Assistant United States Attorney
    California Bar Number 268415
5       3403 Tenth Street, Suite 200
6       Riverside, California 92501
      Telephone: (951) 276-6228
7       Facsimile: (951) 276-6237
      E-mail: Ami.Sheth@usdoj.gov
8

9   Attorneys for Plaintiff
    UNITED STATES OF AMERICA

10

11           UNITED STATES DISTRICT COURT

12       FOR THE CENTRAL DISTRICT OF CALIFORNIA

13             EASTERN DIVISION

14   UNITED STATES OF AMERICA,     ED CR No. 11-57(A)-VAP

15         Plaintiff,     PLEA AGREEMENT FOR DEFENDANT PAUL
                  EDWARD BELL
16            v.

17   PAUL EDWARD BELL,

18         Defendant.

19

20       1.   This constitutes the plea agreement between PAUL EDWARD

21   BELL ("defendant") and the United States Attorney's Office for the

22   Central District of California ("the USAO") in the above-captioned

23   case. This agreement is limited to the USAO and cannot bind any

24   other federal, state, local, or foreign prosecuting, enforcement,

25   administrative, or regulatory authorities.

26             RULE 11(c)(1)(C) AGREEMENT

27       2.   Defendant understands that this agreement is entered into

28   pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

1   Accordingly, defendant understands that, if the Court determines
2   that it will not accept this agreement, absent a breach of this
3   agreement by defendant prior to that determination and whether or
4   not defendant elects to withdraw any guilty plea entered pursuant to
5   this agreement, this agreement will, with the exception of paragraph
6   19 below, be rendered null and void and both defendant and the USAO
7   will be relieved of their obligations under this agreement.
8   Defendant agrees, however, that if defendant breaches this agreement
9   prior to the Court's determination whether or not to accept this
10  agreement, the breach provisions of this agreement, paragraphs 21
11  and 22 below, will control, with the result that defendant will not
12  be able to withdraw any guilty plea entered pursuant to this
13  agreement, the USAO will be relieved of all of its obligations under
14  this agreement, and the Court's failure to follow any recommendation
15  or request regarding sentence set forth in this agreement will not
16  provide a basis for defendant to withdraw defendant's guilty plea.

17                        DEFENDANT'S OBLIGATIONS

18      3.   Defendant agrees to:

19          a)   At the earliest opportunity requested by the USAO and
20  provided by the Court, appear and plead guilty to count three of the
21  First Superseding Indictment in United States v. Paul Edward Bell,
22  et al., ED CR No. 12-57(A)-VAP, which charges defendant with sex
23  trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1),
24  (a)(2), (b)(1), (b)(2).

25          b)   Not contest facts agreed to in this agreement.

26          c)   Abide by all agreements regarding sentencing
27  contained in this agreement and affirmatively recommend to the court

28

                                2

1  that it impose a sentence in accordance with paragraph 14 of this

2  agreement.

3      d)   Appear for all court appearances, surrender as

4  ordered for service of sentence, obey all conditions of any bond,

5  and obey any other ongoing court order in this matter.

6      e)   Not commit any crime; however, offenses that would be

7  excluded for sentencing purposes under United States Sentencing

8  Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are

9  not within the scope of this agreement.

10     f)   Be truthful at all times with Pretrial Services, the

11 United States Probation Office, and the Court.

12     g)   Pay the applicable special assessment at or before

13 the time of sentencing unless defendant lacks the ability to pay and

14 prior to sentencing submits a completed financial statement on a

15 form to be provided by the USAO.

16     h)   Agree to and not oppose the imposition of the

17 following conditions of probation or supervised release:

18     Computer-Related Terms

19     i)   The defendant shall possess and use only those

20 computers and computer-related devices, screen user names,

21 passwords, email accounts, and internet service providers (ISPs),

22 which have been disclosed to the Probation Officer upon commencement

23 of supervision.  Any changes or additions are to be disclosed to the

24 Probation Officer prior to the first use.  Computers and computer-

25 related devices are personal computers, personal data assistants

26 (PDAs), internet appliances, electronic games, cellular telephones,

27 and digital storage media, as well as their peripheral equipment,

28

3

1    that can access, or can be modified to access, the internet,

2    electronic bulletin boards, and other computers;

3              ii)  All computers, computer-related devices, and

4    their peripheral equipment, used by the defendant shall be subject

5    to search and seizure.  This shall not apply to items used at the

6    employment's site, which are maintained and monitored by the

7    employer;

8              iii) The defendant shall comply with the rules and

9    regulations of the Computer Monitoring Program.  The defendant shall

10   pay the cost of the Computer Monitoring Program, in an amount not to

11   exceed $32 per month per device connected to the internet;

12        Search Terms

13             iv)  The defendant shall submit his/her person, and

14   any property, house, residence, vehicle, papers, computer, other

15   electronic communication or data storage devices or media, and

16   his/her effects to search at any time, with or without a warrant, by

17   any law enforcement or Probation Officer with reasonable suspicion

18   concerning a violation of a condition of supervised release or

19   unlawful conduct by the defendant, and by any Probation Officer in

20   the lawful discharge of the officer's supervision functions;

21        Sex Offender Registration Terms

22             v)   The defendant shall register as a sex offender,

23   and keep the registration current, in each jurisdiction where he/she

24   resides, where he/she is an employee, and where he/she is a student,

25   to the extent the registration procedures have been established in

26   each jurisdiction.  When registering for the first time, the

27   defendant shall also register in the jurisdiction in which the

28   conviction occurred if different from his/her jurisdiction of

                                    4

1  residence.  The defendant shall provide proof of registration to the

2  Probation Officer within three days of release from imprisonment;

3  　　　　Counseling Terms

4  　　　　　　vi)  The defendant shall participate in a

5  psychological counseling and/or psychiatric treatment and/or a sex

6  offender treatment program, which may include inpatient treatment,

7  as approved and directed by the Probation Officer.  The defendant

8  shall abide by all rules, requirements, and conditions of such

9  program, including submission to risk assessment evaluations and

10  physiological testing, such as polygraph and Abel testing.  The

11  Probation Officer shall disclose the presentence report and/or any

12  previous mental health evaluations or reports to the treatment

13  provider;

14  　　　　　　vii) As directed by the Probation Officer, the

15  defendant shall pay all or part of the costs of treating the

16  defendant's psychological/psychiatric disorder(s) to the aftercare

17  contractor during the period of community supervision, pursuant to

18  18 U.S.C. § 3672.  The defendant shall provide payment and proof of

19  payment, as directed by the Probation Officer;

20  　　　　Access to Materials Terms

21  　　　　　　viii)　　The defendant shall not view or possess any

22  materials, including pictures, photographs, books, writings,

23  drawings, videos, or video games, depicting and/or describing

24  "sexually explicit conduct," as defined in 18 U.S.C. § 2256(2);

25  　　　　　　ix)  The defendant shall not view or possess any

26  materials, including pictures, photographs, books, writings,

27  drawings, videos, or video games, depicting and/or describing child

28  pornography, as defined in 18 U.S.C. § 2256(8).  This condition does

1  not prohibit the defendant from possessing materials solely because

2  they are necessary to, and used for, a collateral attack, nor does

3  it prohibit him/her from possessing materials prepared and used for

4  the purposes of his/her court-mandated sex offender treatment, when

5  the defendant's treatment provider or the Probation Officer has

6  approved of his/her possession of the material in advance;

7              Contact with Others Terms

8              x)   The defendant shall not contact the victims, by

9  any means, including in person, by mail or electronic means, or via

10 third parties.  Further, the defendant shall remain at least 100

11 yards from the victims at all times.  If any contact occurs, the

12 defendant shall immediately leave the area of contact, and report

13 the contact to the Probation Officer;

14             xi)  The defendant shall not associate or have

15 verbal, written, telephonic, or electronic communication with any

16 person under the age of 18, except:  a)  in the presence of the

17 parent or legal guardian of said minor; and b) on the condition that

18 the defendant notify said parent or legal guardian of his/her

19 conviction in the instant offense/prior offense.  This provision

20 does not encompass persons under the age of 18, such as waiters,

21 cashiers, ticket vendors, etc., with whom the defendant must deal

22 with in order to obtain ordinary and usual commercial services;

23             xii) The defendant shall not frequent, or loiter,

24 within 100 feet of school yards, parks, public swimming pools,

25 playgrounds, youth centers, video arcade facilities, or other places

26 primarily used by persons under the age of 18, unless the defendant

27 receives written permission from the Probation Officer;

28

1            xiii)    The defendant shall not affiliate with,

2    own, control, volunteer and/or be employed in any capacity by a

3    business and/or organization that causes him/her to regularly

4    contact persons under the age of 18;

5            xiv) The defendant shall not affiliate with, own,

6    control, and/or be employed in any capacity by a business whose

7    principal product is the production and/or selling of materials

8    depicting and/or describing "sexually explicit conduct," as defined

9    in 18 U.S.C. § 2256(2);

10           xv)  The defendant shall not own, use or have access

11   to the services of any commercial mail-receiving agency, nor shall

12   he/she open or maintain a post office box, without the prior

13   approval of the Probation Officer;

14       Employment Term

15           xvi) The defendant's employment shall be approved by

16   the Probation Officer, and any change in employment must be pre-

17   approved by the Probation Officer.  The defendant shall submit the

18   name and address of the proposed employer to the Probation Officer

19   at least 10 days prior to any scheduled change;

20       Residence Term

21           xvii)    The defendant shall not reside within

22   direct view of school yards, parks, public swimming pools,

23   playgrounds, youth centers, video arcade facilities, or other places

24   primarily used by persons under the age of 18.  The defendant's

25   residence shall be approved by the Probation Officer, and any change

26   in residence must be pre-approved by the Probation Officer.  The

27   defendant shall submit the address of the proposed residence to the

28   Probation Officer at least 10 days prior to any scheduled move;

1        i)    Not seek the discharge of any restitution obligation,

2   in whole or in part, in any present or future bankruptcy proceeding.

3                    THE USAO'S OBLIGATIONS

4        4.   The USAO agrees to:

5            a)    Not contest facts agreed to in this agreement.

6            b)    Abide by all agreements regarding sentencing

7   contained in this agreement and affirmatively recommend to the court

8   that it impose sentence in accordance with paragraph 14 of this

9   agreement.

10           c)    At the time of sentencing, move to dismiss the

11  remaining counts of the First Superseding Indictment and the

12  underlying Indictment as against defendant.  Defendant agrees,

13  however, that at the time of sentencing the Court may consider any

14  dismissed charges in determining the applicable Sentencing

15  Guidelines range, the propriety and extent of any departure from

16  that range, and the sentence to be imposed.

17                    NATURE OF THE OFFENSE

18       5.   Defendant understands that for defendant to be guilty of

19  the crime charged in count three of the First Superseding

20  Indictment, that is, sex trafficking, in violation of Title 18,

21  United States Code, Section 1591(a)(1), (a)(2), (b)(1), (b)(2), the

22  following must be true: (1) Defendant knowingly recruited, enticed,

23  harbored, transported, provided, obtained or maintained a person OR

24  benefitted, financially or by receiving anything of value, from

25  participation in a venture which has engaged in an act described

26  below, (2) Defendant knowing, or in reckless disregard of the fact

27  that force, threats of force, fraud, coercion or any combination of

28  such means would be used to cause the person to engage in commercial

8

1   sex acts, OR that the person had not yet attained the age of 18
2   years and would be caused to engage in commercial sex acts and the
3   defendant had a reasonable opportunity to observe the person or know
4   the person's age and (3) Defendant's actions were in or affecting
5   interstate or foreign commerce.  In order for defendant to be
6   subject to the 15-year mandatory minimum sentence pursuant to Title
7   18, United States Code, Section 1591(b)(1), as described below, the
8   government must prove either that the offense was effected by means
9   of force, threats of force, fraud, or coercion, or by any
10  combination of such means, or that the person defendant recruited,
11  enticed, harbored, transported, provided, or obtained had not
12  attained the age of 14 years at the time of the offense.

13                     PENALTIES AND RESTITUTION

14       6.    Defendant understands that the statutory maximum sentence
15  that the Court can impose for a violation of Title 18, United States
16  Code, Section 1591(a)(1), (a)(2), (b)(1), (b)(2), is: life
17  imprisonment; a lifetime period of supervised release; a fine of
18  $250,000 or twice the gross gain or gross loss resulting from the
19  offense, whichever is greatest; and a mandatory special assessment
20  of $100.

21       7.    Defendant understands that the statutory mandatory minimum
22  sentence that the Court must impose for a violation of Title 18,
23  United States Code, Section 1591(a)(1), (a)(2), as set forth in
24  subsection (b)(1) of that statute, is: 15 years' imprisonment (the
25  offense involved force, threats of force, fraud, or coercion, or any
26  combination of such means), followed by a five-year period of
27  supervised release, and a mandatory special assessment of $100.
28  Defendant also understands that if defendant is convicted of a

                                  9

1  Federal sex offense in which a minor is the victim and if defendant

2  has a prior sex conviction in which a minor was the victim,

3  defendant shall be sentenced to life imprisonment pursuant to 18

4  U.S.C. § 3559(e).

5      8.   Defendant understands that supervised release is a period

6  of time following imprisonment during which defendant will be

7  subject to various restrictions and requirements.  Defendant

8  understands that if defendant violates one or more of the conditions

9  of any supervised release imposed, defendant may be returned to

10  prison for all or part of the term of supervised release authorized

11  by statute for the offense that resulted in the term of supervised

12  release.

13      9.   Defendant understands that defendant will be required to

14  pay full restitution to the victims of the offense to which

15  defendant is pleading guilty.  Defendant agrees that, in return for

16  the USAO's compliance with its obligations under this agreement, the

17  Court may order restitution to persons other than the victims of the

18  offense to which defendant is pleading guilty.  In particular,

19  defendant agrees that the Court may order restitution to any victim

20  of any of the following for any losses suffered by that victim as a

21  result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in

22  connection with the offense to which defendant is pleading guilty

23  and (b) any counts dismissed pursuant to this agreement as well as

24  all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection

25  with those counts.

26      10.  Defendant understands that, by pleading guilty, defendant

27  may be giving up valuable government benefits and valuable civic

28  rights, such as the right to vote, the right to possess a firearm,

1   the right to hold office, and the right to serve on a jury.

2   Defendant understands that once the court accepts defendant's guilty

3   plea, it will be a federal felony for defendant to possess a firearm

4   or ammunition.  Defendant understands that the conviction in this

5   case may also subject defendant to various other collateral

6   consequences, including but not limited to revocation of probation,

7   parole, or supervised release in another case and suspension or

8   revocation of a professional license.  Defendant understands that

9   unanticipated collateral consequences will not serve as grounds to

10  withdraw defendant's guilty plea.

11       11.  Defendant understands that, if defendant is not a United

12  States citizen, the felony conviction in this case may subject

13  defendant to: removal, also known as deportation, which may, under

14  some circumstances, be mandatory; denial of citizenship; and denial

15  of admission to the United States in the future.  The court cannot,

16  and defendant's attorney also may not be able to, advise defendant

17  fully regarding the immigration consequences of the felony

18  conviction in this case.  Defendant understands that unexpected

19  immigration consequences will not serve as grounds to withdraw

20  defendant's guilty plea.

21                          FACTUAL BASIS

22       12.  Defendant admits that defendant is, in fact, guilty of the

23  offense to which defendant is agreeing to plead guilty.  Defendant

24  and the USAO agree to the statement of facts provided below and

25  agree that this statement of facts is sufficient to support a plea

26  of guilty to the charge described in this agreement but is not meant

27  to be a complete recitation of all facts relevant to the underlying

28

                                11

1  criminal conduct or all facts known to either party that relate to
2  that conduct.

3     Between at least approximately January 2011, through July 2011,
4  defendant knowingly recruited, enticed, harbored, transported,
5  provided, obtained, and maintained by any means, and benefitted
6  financially from his participation in a venture which recruited,
7  enticed, harbored, transported, provided, obtained, and maintained,
8  individuals, including Victim 3, Victim 4, Victim 5, and Victim 7
9  (the "Victims"), among others, knowing that force, threats of force,
10  fraud and coercion would be used to cause the Victims to engage in
11  commercial sex acts and also knowing that the Victims had not yet
12  attained the age of 18 years and that they would be caused to engage
13  in commercial sex acts.  Defendant's actions were in or affecting
14  interstate commerce.

15     Within Riverside and Los Angeles Counties, defendant would
16  recruit minor female victims to employ them in his sex prostitution
17  business.  He would then harbor them in hotels on or near Long Beach
18  Boulevard in the general area of Compton, California, and at his
19  residence located on Euclid Boulevard in Lynwood, California (the
20  "Euclid Residence").

21     Defendant had females victims (including the Victims) work for
22  him as prostitutes and in doing so, he would have them stand and
23  walk around in areas known for prostitution, including Long Beach
24  Boulevard, to solicit 'dates,' or male customers for prostitution.
25  Defendant instructed the female victims to charge certain amounts of
26  money for different types of sexual acts.  Defendant also told minor
27  victims to follow certain rules.  For example, minor victims were
28  told not to get into vehicles with more than one customer in it, and

1  they were told to give all of the money they earned from

2  prostitution to defendant soon after a 'date' was complete.  If the

3  minor victims did not follow defendant's rules, defendant would

4  sometimes hit and physically abuse the victims in order to cause

5  them to continue engaging in commercial sex acts and to punish them

6  when they did not follow the rules.

7       Defendant also maintained minor victims knowing that they would

8  be caused to engage in commercial sex acts.  For example, on or

9  about February 17, 2011, defendant drove Victim 3, Victim 5, and a

10  co-conspirator, Javiya Brooks (mentioned below), to a medical health

11  clinic in order to have them tested for sexually transmitted

12  diseases.

13       Defendant would use his cellular telephone to keep in touch

14  with and instruct the minor victims and co-conspirators.  Defendant

15  benefitted financially from causing the minor victims to engage in

16  prostitution.

17       Among others, defendant used Victim 3 (then 16), Victim 4 (then

18  17), Victim 5 (then 15), and Victim 7 (then 17) as prostitutes and

19  harbored them at the Euclid Residence.  Co-conspirator Javiya Brooks

20  acted as defendant's "bottom," meaning his most-trusted prostitute,

21  who was, at times, responsible for managing and taking care of

22  defendant's other prostitutes.  From at least January 2011, to July

23  2011, Brooks lived mainly at the Euclid Residence and supervised

24  defendant's prostitutes at his direction.

25       Also, at times, when defendant was incarcerated, other co-

26  conspirators, including Samuel Rogers, Gary Rogers, and Christopher

27  Weldon, would supervise the prostitution activities of defendant's

28  prostitutes, including minor victims such as Victim 3.  At times,

1   when Samuel Rogers was incarcerated, defendant would harbor and

2   supervise the prostitution activities of prostitutes who normally

3   worked for Samuel Rogers, including minor victims such as Victim 4.

4       Defendant, Samuel Rogers, Gary Rogers, and Christopher Weldon,

5   would often discuss the management of the prostitutes, the

6   prostitution business, and the proceeds of prostitution on joint

7   conference telephone calls. Furthermore, Victim 3 and Victim 5,

8   both of whom worked for defendant as prostitutes, were first

9   recruited to engage in commercial sex acts by Samuel Rogers and

10   another co-conspirator, Kimberly Alberti, who was Samuel Rogers'

11   "bottom."

12       Also, co-defendant Su Yan aided defendant in managing his

13   prostitution business while he was incarcerated in August of 2011,

14   by picking up prostitution proceeds, driving prostitutes to dates,

15   and making phone calls for defendant in order to further his

16   prostitution business, among other things.

17       Specifically, in April 2011, Victim 4, then 17, worked as a

18   prostitute for defendant while Samuel Rogers was incarcerated.

19   During that time, defendant harbored Victim 4 at the Euclid

20   Residence with other prostitutes defendant employed. Also, during

21   that time, defendant knew that Victim 4 was 17 years old. While

22   working as a prostitute under defendant's supervision and direction,

23   on or about April 6, 2011, defendant physically abused Victim 4 for

24   not performing as a prostitute and for acting up. Therefore,

25   defendant used force to cause Victim 4 to engage in commercial sex

26   acts.

27       Also, from approximately May to August, 2011, Victim 7, then

28   17, worked as a prostitute for defendant. During that time,

14

1  defendant instructed Victim 7 to reside at the Euclid Residence with
2  other prostitutes defendant employed.  During that time, defendant
3  knew that Victim 7 was 17 years old.  Defendant often threatened
4  Victim 7 with force during phone calls with Victim 7 while defendant
5  was incarcerated.

6          Also, on or before April 7, 2008, defendant was convicted of a
7  felony crime for which he received a term of imprisonment exceeding
8  one year.  On or about May 4, 2011, in Los Angeles County, within
9  the Central District of California, defendant knowingly possessed a
10 firearm, namely, an Intratec model Tec-DC9 pistol, with the serial
11 number removed, in and affecting interstate and foreign commerce.

12                  SENTENCING FACTORS AND AGREED-UPON SENTENCE

13         13.  Defendant understands that in determining defendant's
14 sentence the Court is required to calculate the applicable
15 Sentencing Guidelines range and to consider that range, possible
16 departures under the Sentencing Guidelines, and the other sentencing
17 factors set forth in 18 U.S.C. § 3553(a).  Defendant understands
18 that the Sentencing Guidelines are advisory only.

19         14.  Defendant and the USAO agree that, taking into account the
20 factors listed in 18 U.S.C. § 3553(a)(1)-(7), an appropriate
21 disposition of this case is that the court impose a sentence of 360
22 months' imprisonment; lifetime supervised release with conditions to
23 be fixed by the Court; no fine; $100 special assessment; and an
24 amount of restitution to be determined by the Court if a restitution
25 request is made.  The parties agree that restitution, if any is
26 ordered, is to be paid pursuant to a schedule to be fixed by the
27 Court.  The parties also agree that no prior imprisonment (other
28 than credits that the Bureau of Prisons may allow under 18 U.S.C.

1   § 3585(b)) may be credited against this stipulated sentence,

2   including credit under Sentencing Guideline § 5G1.3.

3   <u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

4       15.   Defendant understands that by pleading guilty, defendant

5   gives up the following rights:

6           a)    The right to persist in a plea of not guilty.

7           b)    The right to a speedy and public trial by jury.

8           c)    The right to be represented by counsel - and if

9   necessary have the court appoint counsel - at trial.  Defendant

10   understands, however, that, defendant retains the right to be

11   represented by counsel - and if necessary have the court appoint

12   counsel - at every other stage of the proceeding.

13           d)    The right to be presumed innocent and to have the

14   burden of proof placed on the government to prove defendant guilty

15   beyond a reasonable doubt.

16           e)    The right to confront and cross-examine witnesses

17   against defendant.

18           f)    The right to testify and to present evidence in

19   opposition to the charges, including the right to compel the

20   attendance of witnesses to testify.

21           g)    The right not to be compelled to testify, and, if

22   defendant chose not to testify or present evidence, to have that

23   choice not be used against defendant.

24           h)    Any and all rights to pursue any affirmative

25   defenses, Fourth Amendment or Fifth Amendment claims, and other

26   pretrial motions that have been filed or could be filed.

27

28

1       <u>WAIVER OF APPEAL OF CONVICTION</u>

2       16.   Defendant understands that, with the exception of an

3   appeal based on a claim that defendant's guilty plea was

4   involuntary, by pleading guilty defendant is waiving and giving up

5   any right to appeal defendant's conviction on the offense to which

6   defendant is pleading guilty.

7       <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

8       17.   Defendant agrees that, provided the Court imposes the

9   sentence specified in paragraph 14 above, defendant gives up the

10  right to appeal any portion of that sentence.

11      18.   The USAO agrees that, provided the Court imposes the

12  sentence specified in paragraph 14 above, the USAO gives up its

13  right to appeal any portion of that sentence.

14      <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

15      19.   Defendant agrees that if, after entering a guilty plea

16  pursuant to this agreement, defendant seeks to withdraw and succeeds

17  in withdrawing defendant's guilty plea on any basis other than a

18  claim and finding that entry into this plea agreement was

19  involuntary, then (a) the USAO will be relieved of all of its

20  obligations under this agreement; and (b) should the USAO choose to

21  pursue any charge that was either dismissed or not filed as a result

22  of this agreement, then (i) any applicable statute of limitations

23  will be tolled between the date of defendant's signing of this

24  agreement and the filing commencing any such action; and

25  (ii) defendant waives and gives up all defenses based on the statute

26  of limitations, any claim of pre-indictment delay, or any speedy

27  trial claim with respect to any such action, except to the extent

28

17

1 that such defenses existed as of the date of defendant's signing

2 this agreement.

3 <u>EFFECTIVE DATE OF AGREEMENT</u>

4      20.  This agreement is effective upon signature and execution

5 of all required certifications by defendant, defendant's counsel,

6 and an Assistant United States Attorney.

7 <u>BREACH OF AGREEMENT</u>

8      21.  Defendant agrees that if defendant, at any time after the

9 signature of this agreement and execution of all required

10 certifications by defendant, defendant's counsel, and an Assistant

11 United States Attorney, knowingly violates or fails to perform any

12 of defendant's obligations under this agreement ("a breach"), the

13 USAO may declare this agreement breached.  All of defendant's

14 obligations are material, a single breach of this agreement is

15 sufficient for the USAO to declare a breach, and defendant shall not

16 be deemed to have cured a breach without the express agreement of

17 the USAO in writing.  If the USAO declares this agreement breached,

18 and the Court finds such a breach to have occurred, then: (a) if

19 defendant has previously entered a guilty plea pursuant to this

20 agreement, defendant will not be able to withdraw the guilty plea,

21 (b) the USAO will be relieved of all its obligations under this

22 agreement, and (c) the Court's failure to follow any recommendation

23 or request regarding sentence set forth in this agreement will not

24 provide a basis for defendant to withdraw defendant's guilty plea.

25      22.  Following the Court's finding of a knowing breach of this

26 agreement by defendant, should the USAO choose to pursue any charge

27 that was either dismissed or not filed as a result of this

28 agreement, then:

a)   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b)   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c)   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23.   Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts, sentencing factors, or sentencing. Defendant understands that the Court will determine the facts, sentencing factors, and other considerations relevant to sentencing and will decide for itself whether to accept and agree to be bound by this agreement.

1    24.   Defendant understands that both defendant and the USAO are

2   free to: (a) supplement the facts by supplying relevant information

3   to the United States Probation Office and the Court, (b) correct any

4   and all factual misstatements relating to the Court's Sentencing

5   Guidelines calculations and determination of sentence, and (c) argue

6   on appeal and collateral review that the Court's Sentencing

7   Guidelines calculations and the sentence it chooses to impose are

8   not error, although each party agrees to maintain its view that the

9   sentence referenced in paragraph 14 of this agreement is an

10  appropriate disposition of this case, taking into account the

11  factors listed in 18 U.S.C. § 3553(a)(1)-(7).  While this paragraph

12  permits both the USAO and defendant to submit full and complete

13  factual information to the United States Probation Office and the

14  Court, even if that factual information may be viewed as

15  inconsistent with the facts agreed to in this agreement, this

16  paragraph does not affect defendant's and the USAO's obligations not

17  to contest the facts agreed to in this agreement.

18                       NO ADDITIONAL AGREEMENTS

19    25.   Defendant understands that, except as set forth herein and

20  in the letter agreement previously entered into by the parties dated

21  January 25, 2013, there are no promises, understandings, or

22  agreements between the USAO and defendant or defendant's attorney,

23  and that no additional promise, understanding, or agreement may be

24  entered into unless in a writing signed by all parties or on the

25  record in court.

26  //

27  //

28  //

20

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

ANDRÉ BIROTTE JR.
United States Attorney

_____          1/13/14
AMI SHETH                                   Date
Assistant United States Attorney

_____          01/13/14
PAUL EDWARD BELL                            Date
Defendant

_____          1/13/14
JEFFREY A. AARON                            Date
DAVID WASSERMAN
Deputy Federal Public Defenders
Attorneys for Defendant
PAUL EDWARD BELL


CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No

21

1  promises, inducements, or representations of any kind have been made

2  to me other than those contained in this agreement.  No one has

3  threatened or forced me in any way to enter into this agreement.  I

4  am satisfied with the representation of my attorney in this matter,

5  and I am pleading guilty because I am guilty of the charges and wish

6  to take advantage of the promises set forth in this agreement, and

7  not for any other reason.

8

9  *Paul Edward Bell*                          01/13/14

10  PAUL EDWARD BELL                            Date
   Defendant

11

12              CERTIFICATION OF DEFENDANT'S ATTORNEY

13      I am PAUL EDWARD BELL's attorney.  I have carefully and

14  thoroughly discussed every part of this agreement with my client.

15  Further, I have fully advised my client of his rights, of possible

16  pretrial motions that might be filed, of possible defenses that

17  might be asserted either prior to or at trial, of the sentencing

18  factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing

19  Guidelines provisions, and of the consequences of entering into this

20  agreement.  To my knowledge: no promises, inducements, or

21  representations of any kind have been made to my client other than

22  those contained in this agreement; no one has threatened or forced

23  my client in any way to enter into this agreement; my client's

24  //

25  //

26  //

27  //

28  //

                            22

1  decision to enter into this agreement is an informed and voluntary

2  one; and the factual basis set forth in this agreement is sufficient

3  to support my client's entry of a guilty plea pursuant to this

4  agreement.

5

6  _____          _1_/_13_/14_____
                                            Date
7  JEFFREY A. AARON
   DAVID WASSERMAN
   Deputy Federal Public Defenders
8  Attorneys for Defendant
   PAUL EDWARD BELL
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                23